IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JORGE ALBERTO REYES,        §
TDCJ #1007241,              §
                            §
         Petitioner,        §
                            §
v.                          §        CIVIL ACTION NO. H-05-0642
                            §
DOUG DRETKE, Director,      §
Texas Department of Criminal Justice -   §
Correctional Institutions Division,      §
                            §
         Respondent.        §

## MEMORANDUM AND ORDER

The petitioner, Jorge Alberto Reyes, is an inmate incarcerated in the Texas
Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ").
Reyes seeks federal habeas corpus relief under 28 U.S.C. § 2254 from a state court criminal
conviction. The respondent has answered with a motion for summary judgment, arguing that
the petition must be dismissed as barred by the governing statute of limitations. The
petitioner has filed a cross-motion in response. After reviewing all of the pleadings, the state
court records, and the applicable law, the Court grants the respondent's motion and dismisses
this case for reasons set forth below.

## I.      BACKGROUND

On April 28, 2000, a Texas grand jury returned an indictment against Reyes in cause
number 540423, charging him with felony driving while intoxicated (felony DWI). The State
enhanced the indictment with allegations that Reyes had at least two prior convictions for
felony DWI, making him eligible for punishment as a habitual offender. On September 14,

2000, a jury in the 351st District Court of Harris County, Texas, found Reyes guilty as charged and sentenced him to 50 years of imprisonment.

On direct appeal, Reyes argued that the trial court erred by denying his motion to suppress the traffic stop for lack of reasonable suspicion. Reyes complained that his counsel was ineffective for not also filing a motion to suppress a video showing his poor performance on field sobriety tests or his arrest for lack of probable cause. In addition, Reyes maintained that there was legally and factually insufficient evidence to support his conviction. The intermediate court of appeals rejected all of Reyes' arguments and affirmed the conviction in an unpublished opinion. *See Reyes v. State*, No. 14-00-01386-CR, 2002 WL 58832 (Tex. App. — Houston [14th Dist.] Jan. 17, 2002). In that opinion, the state court set forth the following findings based on the evidence introduced at trial:

> Officer W.T. Johnson of the Houston Police Department was on patrol and stopped at a four way traffic stop on April 1, 2000. The Officer saw [Reyes'] vehicle approach from the opposite direction and stop at the sign. As Officer Johnson began to proceed through the intersection, [Reyes] made an "abrupt" turn in front of the officer's car nearly causing a collision with his. Officer Johnson turned around to follow [Reyes]. He turned on his red lights and [Reyes] pulled into the parking lot of a strip center.
>
> Officer Johnson approached [Reyes'] vehicle to inform him he had made an illegal turn. Officer Johnson testified that when [Reyes] rolled down the window he smelled alcohol coming from the vehicle, noticed [Reyes'] bloodshot eyes and saw an open container of beer. He informed [Reyes] why he had stopped him and then asked if [Reyes] had been drinking. [Reyes] admitted he had been drinking beer. Officer Johnson then asked [Reyes] to step out of the car and perform field sobriety tests. Officer Johnson testified that [Reyes] had to lean against the car for support. Based on [Reyes'] performance of the field sobriety tests, his bloodshot eyes, his admission of drinking, and the open container of beer in the vehicle, Officer Johnson formed the opinion that [Reyes] was intoxicated and transported him to the police station.

2

> At the police station, Officer Phillip Kung read [Reyes] his statutory warnings. [Reyes] refused to submit a sample of his breath. Officer Kung requested [Reyes] perform the field sobriety tests and videotaped his performance.

*Id.*, 2002 WL 58832 at *1. Reyes did not file a timely petition for discretionary review with the Texas Court of Criminal Appeals.

Reyes filed a federal habeas corpus petition to challenge his conviction on February 18, 2005.[1] Reyes contends that he is entitled to federal habeas corpus relief from this conviction because: (1) his conviction resulted from an "illegal stop" by the police; (2) he did not receive *Miranda* warnings before the police illegally searched and seized his vehicle; (3) his arrest was "cruel and unusual" because he was handcuffed and physically thrown into the patrol vehicle; (4) there was judicial misconduct at the trial because the judge showed bias in favor of the prosecution; (5) he was denied effective assistance of counsel on appeal; (6) the conviction is not supported by sufficient evidence; and (7) his field sobriety tests were administered in English even though he told the arresting officer that he did not understand the language. The respondent maintains that the petition must be dismissed because it is untimely. Reyes disagrees. The parties' contentions are addressed below.

## II.    SUMMARY JUDGMENT STANDARD

---

[1]    The Clerk's Office received Reyes' federal habeas corpus petition on February 24, 2005, but it is dated February 18, 2005, indicating that he placed his pleadings in the mail on that date. For statute of limitations purposes, courts in this circuit ordinarily treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001).

The respondent's motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure.  In deciding a motion for summary judgment under Rule 56, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  A movant's burden is to point out the absence of evidence supporting the nonmovant's case.  *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003) (citing *Celotex*, 477 U.S. at 323; *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996)).  To survive summary judgment, the nonmovant must submit or identify evidence in the record to show the existence of a genuine issue of material fact as to each element of the cause of action.  *Id.* (citing *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 349 (5th Cir. 2001)).

An issue is material if its resolution could affect the outcome of the action. *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.,* 290 F.3d 303, 310 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).  In deciding whether a fact issue has been created, the facts and the inferences to be drawn from them must be  reviewed in the light most favorable to the nonmoving party.  *Hotard v. State Farm Fire & Cas. Co.,* 286 F.3d 814, 817 (5th Cir. 2002).  However, factual controversies are resolved in favor of the nonmovant "only when there is an actual controversy – that is, when

4

both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999).

The petitioner proceeds *pro se* in this case.  Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys.  *See Haines v. Kerner*, 404 U.S. 519 (1972); *see also Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999) ("[I]n this circuit *pro se* habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as are pleadings filed by lawyers.").  Pleadings filed by a *pro se* litigant are entitled to a liberal construction that affords all reasonable inferences which can be drawn from them.  *See Haines*, 404 U.S. at 521; *see also United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dept.*, 84 F.3d 469, 473 & n.16 (5th Cir. 1996)).  Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion.  *See Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

## III.   DISCUSSION

### A.    The One-Year Statute of Limitations

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d).  Because the pending petition was filed well after April 24, 1996, the one-year

limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

In this instance, Reyes challenges a state court conviction, which means that the statute of limitations for federal habeas corpus review began to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Reyes' conviction was affirmed on direct appeal on January 17, 2002. *See Reyes v. State*, No. 14-00-01386-CR, 2002 WL 58832 (Tex. App. — Houston [14th Dist.] Jan. 17, 2002). The time to file a petition for discretionary review ("PDR") with the Texas Court of Criminal Appeals expired thirty days later on February 16, 2002. *See* TEX. R. APP. P. 68.2(a). Because Reyes did not promptly file a PDR within the time allowed, that date triggered the statute of limitations which expired one year later on February 16, 2003. Thus, Reyes' pending federal habeas corpus petition, filed on February 18, 2005, is late by more than two years.

In his response to the summary judgment motion, Reyes appears to argue that his conviction did not become final until much later because he eventually received leave from the Texas Court of Criminal Appeals to file an out-of-time PDR. The record shows that Reyes filed a state habeas corpus application on December 26, 2002, complaining that he was denied the opportunity to file a *pro se* PDR because he received ineffective assistance of counsel on appeal. That application was granted on June 4, 2003, and Reyes was given an extension of time by the Texas Court of Criminal Appeals, up to and including July 30, 2003, to file a PDR. *See Ex parte Reyes*, Writ No. 74,678 (Tex. Crim. App.). Reyes did not

file a PDR with the Texas Court of Criminal Appeals within the extended deadline.  (Docket Entry No. 17, Exhibit A, *Affidavit of Troy C. Bennett, Jr.*).   To the extent that Reyes contends that the statute of limitations runs from the extended date, the Fifth Circuit has rejected this precise argument, holding that an out-of-time PDR does not restart the limitations period.  *See Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir. 2004).  Therefore, Reyes' pending petition is time-barred unless an exception applies.

### B.   Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period.  *See Artuz v. Bennett*, 531 U.S. 4 (2000).  As noted above, Reyes filed his first state habeas corpus application on December 26, 2002, and the application was granted on June 4, 2003.  This application tolls the limitations period for only 160 days. Because Reyes' federal petition is late by over two years, this amount of tolling is not sufficient to make his pending writ timely.

Reyes filed a motion for a writ of mandamus on November 17, 2003.  The Texas Court of Criminal Appeals denied that motion on December 10, 2003.  *See Ex parte Reyes*, No. 55,892-02.  The Fifth Circuit has held that an application for a writ of mandamus is not "other collateral review" as contemplated by 28 U.S.C. § 2244(d)(2).  *Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002).  Accordingly, the time during which Reyes' application for a writ of mandamus was pending does not count for purposes of statutory tolling.

7

Reyes filed a second state habeas corpus application on February 14, 2004, which the Texas Court of Criminal Appeals denied on January 12, 2005. *See Ex parte Reyes*, No. 55,892-03. Because this application was filed after the prescriptive period had already expired, however, it does not toll the statute of limitations. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Reyes has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, there is no other statutory basis to save the petitioner's late-filed claims.

### C.    Equitable Tolling

In an effort to excuse his delay in seeking federal habeas corpus review, Reyes blames his appellate attorney's failure to file a petition for discretionary review on his behalf or inform him of his right to file a *pro se* PDR. Reyes does not expressly invoke the doctrine of equitable tolling. Nevertheless, the statute of limitations for federal habeas corpus review may be equitably tolled at the district court's discretion where "exceptional circumstances" are present. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).

Equitable tolling is an extraordinary remedy that is only sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990).  The Supreme Court has noted that a habeas corpus petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *See Pace v. DiGuglielmo*, — U.S. —, 125 S. Ct. 1807, 1814 (2005). "A garden variety claim of excusable neglect does not support equitable tolling." *Coleman*, 184 F.3d at 402.  In that respect, the doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

As noted above, Reyes was convicted in 2000, and that conviction became final no later than February of 2001.  Reyes waited ten months to seek state habeas corpus review on December 26, 2002.  That application was granted on June 4, 2003, and he received an extension of time to file an out-of-time PDR until July 30, 2003.  To the extent that Reyes blames his attorney for failing to file a PDR on his behalf or to inform him of his right to file one *pro se*, the Fifth Circuit has repeatedly held that attorney error of this type is not considered a rare and exceptional circumstance which warrants equitable tolling. *See Salinas*, 354 F.3d at 431-32; *Cousin v. Lensing*, 310 F.3d 843, 846-48 (5th Cir. 2002), *cert. denied*, 539 U.S. 918 (2003); *Molo v. Johnson*, 207 F.3d 773, 775-76 (5th Cir. 2000).

Even if the Court were to grant some equitable tolling until the extended deadline for Reyes to file his out-of-time PDR on July 30, 2003, it is undisputed by Reyes that he did not actually file a PDR with the Texas Court of Criminal Appeals within the time given to do so. (Docket Entry No. 17, Exhibit A, *Affidavit of Troy C. Bennett, Jr.*).  Reyes filed a motion for leave to file a writ of mandamus on November 17, 2003, which the Texas Court of Criminal Appeals denied shortly thereafter on December 10, 2003.  *See Ex parte Reyes*, No. 55,892-02.  Reyes then waited more than three months to file his second state habeas corpus application on February 12, 2004.  *See Ex parte Reyes*, No. 55,892-03.  This record demonstrates delay on Reyes's part, and a failure to diligently pursue federal habeas relief. Although Reyes proceeds *pro se*, his incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling.  *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *see also Cousin*, 310 F.3d at 849 (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling).

The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court.[2]  *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.

---

[2]     The Court notes, however, that Reyes's claims were adjudicated on the merits during his
(continued...)

2000), *cert. denied*, 531 U.S. 1035 (2000).  However, the Fifth Circuit has emphasized that the "strict one-year limitations period" imposed by Congress for the filing of all habeas corpus petitions is "subject only to the narrowest of exceptions." *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002).  The Court concludes that his circumstances presented in this case are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided.  *See Felder*, 204 F.3d at 173.  Accordingly, equitable tolling will not save his late-filed claims.  The Court therefore concludes that his pending federal habeas corpus petition is barred by the applicable one-year limitations period.  The respondent is entitled to summary judgment on this issue.

## IV.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that

---

[2](...continued)

direct appeal and his second state habeas corpus proceeding.  *See Ex parte Reyes*, No. 55,829-03.  Reyes has submitted a memorandum in support of his petition, but he does not show how the state court's decision to reject his claims was contrary to, or involved an unreasonable application of, Supreme Court precedent as required under the governing federal habeas corpus standard found at 28 U.S.C. § 2254(d).  Moreover, his first two grounds for relief, which allege violations of the Fourth Amendment, are clearly barred by the doctrine in *Stone v. Powell*, 428 U.S. 465 (1976).  His remaining claims are conclusory and insufficient to raise a constitutional issue. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (noting that "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue"); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability),
*cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional
prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues
a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'"
*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring
further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
The one-year statute of limitations found in the AEDPA has been in place since 1996.  The
Court concludes therefore that jurists of reason would not debate whether the procedural
ruling in this case was correct or whether the petition states a valid claim for habeas relief.
Accordingly, a certificate of appealability will not issue in this case.

## V.   CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.   The respondent's motion for summary judgment (Docket Entry No. 17) is
**GRANTED**.

2.   The petitioner's cross-motion to deny summary judgment (Docket Entry No.
22) is **DENIED**.

3.   The petition for a federal writ of habeas corpus is **DISMISSED** with prejudice
as barred by the statute of limitations.

4.   A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **October 31, 2005**.

Nancy F. Atlas
United States District Judge